# THE SUPREME COURT

#### OF

## THE STATE OF MISSOURI.

JANUARY TERM, 1874, AT JEFFERSON CITY.

[CONTINUED FROM VOL. LIV.]

---

JOHN L. SITZ, et al., Respondent, vs. JOSEPH DEIHL, Appellant.

1. *Vendor's lien—Deed, reserving—Note for unpaid purchase money— Mis-description of, in deed—Purchase with notice of lien, etc., etc.*—A. made a written agreement with B. to sell him certain land, for a given sum of money and the assumption by B. of certain incumbrances upon the land. Accordingly, A. and his wife executed their deed for the land. The deed referred to the encumbrances and contained a clause, reserving to the grantor a vendor's lien for the unpaid purchase money. The note given for the amount fell due in July, but was described in the deed as maturing in August. B. afterward made a deed of trust on the land to secure the prior encumbrances, and sold the same to C., who purchased with notice of the vendor's lien. *Held,* 1: that C. took the land, subject to the vendor's lien. 2: that the note was merely evidence of the debt, and an improper description of the note in the deed would not affect the lien. 3: that evidence identifying the note as given for the purchase money was competent. 4: it was not material that the note was made payable to A.'s wife and not to A. himself.

*Appeal from Moniteau Circuit Court.*

*Moore & Williams*, for Appellant.

2—VOL. LV.                    17

I. The sale of the real estate, &c., by William's trustee was valid and binding upon the mortgagor and all persons claiming under or in privity with him; and no subsequent or subsidary lien to those, under which the sale was made was binding on the defendant, Zeibold, or on the property. (2 Wagn. Stat., § 13, p. 956.)

*a.* The plaintiffs were the original mortgagors of this property for the payment of the debts for which it was sold, and the defendant, Deihl, made a deed of trust to plaintiffs' creditors to secure the same debts; either of which acts extinguished any lien the plaintiffs could have reserved. (Bayley vs. Greenleaf, 7 Wheat., 46; Sto. Eq. Jur., § 1248; Taylor vs. Baldwin, 10. Bar., 626; Roberts vs. Rose, 2 Humph., 145.) ✔

II. The written agreement between the plaintiff, J. M. Sitz and Joe. Deihl for the sale of the one-half interest in the mill, and that subsequently made in pursuance thereof, should be taken together as one entire contract. (Hill. Vend., pp. 16, 17, also p. 167, 3rd Ed.)

*b.* The intention of the parties at the time of the sale has never been changed by any subsequent convention or agreement between them. The evidence shows that no lien was intended to be reserved in favor of plaintiffs, and there is nothing in the case to justify the court in changing the clear intention of the parties. (Bayley vs. Greenleaf, 7 Wheat. p. 46.)

III. Zeibold purchased the property at its full value at the trustee's sale, made for the payment of the debts, which were a lien upon the property at the time of the sale, by plaintiff to defendant, Deihl, and these debts were all prior to the pretended vendor's lien; and, although the notes were renewed, and renewed mortgages given for the debts, they were never paid off, and this property remained and continued throughout a primary fund for the payment of such indebtedness. (2 Washb. Real Pr. [2 Ed.] p. 605; 2 Sto. Eq. Juris., §§ 1244 to 1248 inclusive; Schmitt vs. Stanley, 37 Mo. 11; Dunshee vs. Parmelee, 19 Verm., 172; Boyd vs. Beek, 29 Ala., 703; Enston vs. Friday, 2 Rich. [S. C.] 427; Smith vs. Price, 14 Conn., 472.)

IV. The plaintiff, Elizabeth Sitz, having no vendible interest in the property, can have no vendor's lien. (Learned vs. Cutter, 18 Pick., 9 ; 1 Washb. Real Pr. [2nd Ed.], p. 248.) On a sale of property, the lien ensues to the owner of the fee. Here Mrs. Sitz, the payee of the note, is not the assignee of the note, even if she be an assignee of the debt ; and it "is doubtful whether the assignee of a note given for the purchase money, acquires, by such assignment, the lien which the vendor had. (Durette vs. Briggs, 47 Mo., 356—362.)

There is no case in this State, in which a lien has been declared in favor of any other party than the vendor, when a deed has been given ; and the weight of authority generally, is against the reservation of such lien to third parties or an assignee. (2 Sugd. Vend., 351 ; Stansell vs. Roberts, 13 Ohio, 148 ; Skaggs vs. Nelson, 25 Miss., 88 ; Bush vs. Kinsley, 14 Ohio, 20.)

V. The plaintiffs made a conveyance of the legal title, and did not give a bond to convey. Hence no lien could be reserved to Mrs. Sitz. (Adams vs. Cowherd, 30 Mo., 460.)

VI. Neither Williams, the trustee, nor Zeibold knew of the existence of the note sued on.

VII. Had there been, in fact, a vendor's lien reserved, the plaintiffs should have first resorted to a court of law against Jo. Deihl, the maker of the note, before resorting to a court of equity against the land. (2 Sugd. Vend., 345–7, 351; 1 Gill and Johnson, Ch. R., 495 ; Bottorf vs. Connel, 1 Blackf., 287 ; Roper vs. McCook, 7 Ala., 318.)

*Gordon, Draffin & Muir*, for Respondents.

I. By the deed from Sitz and wife to Joseph Deihl, a lien was reserved on the land conveyed for the balance of the purchase money. This deed was on the record at the time Zeibold, the appellant, purchased the land at trustee's sale. The appellant, therefore, had constructive notice of the lien, and we insist that he also had actual notice at the time of his purchase.

II. The rights of the plaintiffs against the land were not impaired, in consequence of the fact that the fifteen hundred

dollar note was made payable to a married woman. The law regards it as the note of her husband. (Sto. Prom. Notes, § 87; Honore's Exrs. vs. Bakewell, 6 B. Monr., 71.)

ADAMS, Judge, delivered the opinion of the court. :

This was an action to enforce a vendor's lien for a balance of purchase money against real estate in Moniteau County, which resulted in judgment in favor of the plaintiffs, from which the defendants have appealed to this court. The leading facts are as follows :—

The plaintiffs are husband and wife. The plaintiff, John M. Sitz, was the owner in fee of the lands in dispute, upon which there existed a large amount of encumbrances, created by him. In June, 1868, he entered into a written agreement with the defendant, Joseph Deihl, to sell him the lands, and the price agreed on was twenty-five hundred dollars, to be paid in money and the assumption and payment, by Deihl, of the encumbrances referred to Afterwards, in January, 1869, the plaintiff and his wife, in performance of his part of the agreement, executed and delivered to Deihl a deed in fee for the lands. One thousand dollars of the purchase money was paid, and the remainder, being fifteen hundred dollars, remained unpaid, for which an express lien is reserved in the deed, in the following language : "This deed to be in full force and effect after the payment of one certain note, due July, 1870, for fifteen hundred dollars, being a part of the purchase money of said property, and to be a vendor's lien on said property described in this deed." The encumbrances, which were to be paid by the vendee, are referred to in the deed and excepted from the covenants for title. This deed was duly acknowledged and recorded in Moniteau County. The vendee, Deihl, afterwards made two deeds of trust on this real estate, to secure the creditors, holding the prior encumbrances; and, under these deeds of trust, the lands were sold, and, by an arrangement among themselves, one of the creditors bid off the land at seven thousand and eighty dollars. In making that bid, it was understood by all parties, that the fifteen hundred dollars, mentioned in

the deed to Deihl, was a prior lien and the bid was made subject to that lien. After the lands were bid off, the creditors agreed that the defendant, Gottlieb Zeibold, might take the lands at that price, and he was substituted as the bidder, and the deed was made to him by the trustee.

The evidence shows that, at the time Zeibold purchased, he had been told of the vendor's lien as an existing prior lien. When the deed to Deihl was made, a note for the fifteen hun dred dollars which had been executed to the plaintiff, Mrs. Sitz, for the balance of the purchase money, was misdescribed in the deed as being due in July, 1870, instead of August, 1870. The evidence to establish the identity of the note, as given for the unpaid purchase money, was clear and satisfactory, but was objected to by the defendants as incompetent.

From the facts here detailed, it is plain to my mind that the defendant, Zeibold, being a purchaser with notice, took the lands subject to the prior lien for the unpaid purchase money. The face of the deed to Deihl manifested the reservation of the vendor's lien and the amount of it. As this deed was upon record, he was bound to take notice of the reservation. But he not only had constructive notice, by means of the record, but purchased with express notice that this lien existed and had to be paid. There is nothing in the point that the note given for the purchase money was executed to the vendor's wife. The authority to reduce the debt to his possession as his own, results from his marital rights. Besides this was an express lien, reserved in the deed, and, no doubt, may be transferred or made payable to a third person. Whether an implied vendor's lien can be transferred by transferring the debt will not be discussed or passed upon as the point is not in the record.

The note was only evidence of the debt for the unpaid purchase money, and whether the note was properly described in the deed or not, would not affect the lien. The lien was for the purchase money, and this suit was to enforce that lien. I see no valid objection to the proof to identify the note. There was no attempt to alter or vary it or the deed, but merely to

show that the consideration of the note was the purchase money mentioned in the deed.

On the whole case, the judgment seems to be for the right party. Let it be affirmed. The other judges concur.